UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ILLICO INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:10CV809 HEA |
| | ) | |
| SUKHMANN PETROLEUM, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. The Court has examined the basis upon which this matter was removed and concludes that the Court is without subject matter jurisdiction. The matter is therefore remanded to the Circuit Court of Jefferson County, Missouri.

## Procedural Background

Plaintiff filed the instant action in the Circuit Court of Jefferson County, Missouri against Defendants on April 9, 2010. Plaintiff's Petition is based solely on the state law claims of: breach of promissory note (Count I), replevin for immediate possession of property (Count II), and breach of Retailer Marketer Agreement, (Count III). Defendants removed this case under 28 U.S.C. §1446 on the basis of federal question jurisdiction, 28 U.S.C. § 1331, giving grounds therefore of Defendants' counterclaim seeking recovery under the Petroleum Marketing

Practices Act.

## Discussion

Section 2805 of the Petroleum Marketing Practices Act,15 U.S.C. §§ 2801, *et seq.*, provides, in pertinent part,

> Enforcement provisions
>
> (a) Maintenance of civil action by franchisee against franchisor; jurisdiction and venue; time for commencement of action
>
> If a franchisor fails to comply with the requirements of section 2802, 2803, or 2807 of this title, the franchisee may maintain a civil action against such franchisor. Such action may be brought, without regard to the amount in controversy, in the district court of the United States in any judicial district in which the principal place of business of such franchisor is located or in which such franchisee is doing business. . .

15 U.S.C. § 2805. While it is clear that the Court would have subject matter jurisdiction over a suit originally filed in this District, counterclaims cannot provide the basis for the Court's subject matter jurisdiction.

"[F]ederal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States.' " *Mamot Feed Lot and Trucking v. Hobson*, 539 F.3d 898, 902 (8th Cir.2008) (quoting 28 U.S.C. § 1331). "'Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Pet Quarters*, 559 F.3d at 779. *McLain v. Andersen Corp.,* 567 F.3d 956, 963 -964 (8th Cir 2009).

Because this well-pleaded complaint rule "makes the plaintiff the master of the claim[, the plaintiff] may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Gore v TransWorld Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). "It is firmly established that a federal defense, including a preemption defense, does not provide a basis for removal, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue in the case' *Caterpillar*, 482 U.S. at 393." *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009).

"It is a verity that federal courts are courts of limited jurisdiction," and "[p]arties may not enlarge that jurisdiction by waiver or consent." *Arkansas Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009), citing *4:20 Commc'n, Inc. v. Paradigm Co.*, 336 F.3d 775, 778 (8th Cir.2003); see also, *Berger Levee Dist., Franklin County, Missouri v. United States*, 128 F.3d 679, 680 (8th Cir.1997)("Although the jurisdictional issue was not raised before the District Court, the question of a court's jurisdiction over an action is non-waivable and may be raised at any point in the litigation."). Ultimately, "[t]he

burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction: here, [the Defendant]." *Id.*, citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Following removal pursuant to 28 U.S.C. § 1441(a), a district court will remand an action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

There are no federal questions presented on the face of Plaintiff's Petition, rather, Defendants have attempted to inject a federal question into this action through their counterclaim, a practice which is contrary to clearly established removal jurisprudence. As such, this action must be remanded.

Defendants' notation that the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional requirement for diversity jurisdiction does not salvage Defendants' attempt at removal. The removal statute, 28 U.S.C. § 1441, provides, in relevant part:

> **(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard

> to the citizenship or residence of the parties. Any other such action
> shall be removable only if none of the parties in interest properly joined
> and served as defendants is a citizen of the State in which such action
> is brought.

28 U.S.C.A. § 1441. Accordingly, Section 1441 prohibits removal based on diversity of citizenship by these defendants, since, based on the pleadings before the Court, they are all citizens of Missouri.

## **Conclusion**

Defendants' counterclaim does not give rise to this Court's federal question jurisdiction, which must be established on the face of Plaintiff's Petition. Likewise, the Court lacks diversity jurisdiction since all Defendants are citizens of the State of Missouri, and as such are not at liberty to remove this matter.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is remanded to the Circuit Court of Jefferson County, Missouri.

Dated this 17th day of May, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE